UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY TUJETSCH, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 5568 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BRADLEY DENTAL, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Mary Tujetsch, a dentist, filed this action against Defendant Bradley Dental, L.L.C., alleging breach of contract and violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. § 206d, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. Before the court is Bradley Dental's motion to enforce what it believes to be the parties' oral settlement agreement.

On August 9, 2010, Tujetsch's counsel informed Bradley Dental's counsel that Tujetsch was willing to settle for $7,500. Three days later, Bradley Dental's counsel conveyed to Tujetsch's counsel a $7,500 settlement offer. On August 17, 2010, Tujetsch's counsel telephoned Bradley Dental's counsel to say that Tujetsch had accepted the offer.

Bradley Dental sent Tujetsch a draft settlement agreement on September 2, 2010. Nearly three weeks later, Tujetsch responded with a revised draft providing, among other things, that (i) Bradley Dental would not issue her an IRS Form 1099; (ii) the settlement agreement would be breached and rendered void if Bradley Dental disclosed its terms, even if the disclosure was made pursuant to court order or otherwise required by law; and (iii) Bradley Dental would not

-1-

make any written or oral statements about Tujetsch or provide any information about her, even in response to a lawful discovery request or subpoena. On October 1, 2010, Bradley Dental replied with a draft providing, among other things, that (i) Bradley Dental will issue Tujetsch an IRS Form 1099 "if required by law"; (ii) Bradley Dental will not disclose the settlement terms without Tujetsch's consent "unless ordered to do so by a court of competent jurisdiction or as otherwise required by law"; and (iii) Bradley Dental will notify Tujetsch by Federal Express within two business days of receiving any subpoena requiring disclosure of the settlement agreement, and will not "testify or provide any information in any context if [Tujetsch] has informed it of its intent to contest the validity of any request, subpoena or court order until such time as [Tujetsch] has informed it in writing that [she] consents to its testimony or [Bradley Dental] receives a court, administrative or arbitral order requiring its testimony."

On October 5, 2010, Tujetsch's counsel sent an email to Bradley Dental's counsel stating, "I think this will be wrapped up before the 13th." About a week later, however, Tujetsch's counsel told Bradley Dental's counsel that Tujetsch "cannot accept the settlement based upon the terms we have been negotiating … [and that] it is our position that we do not have a settlement agreement." Tujetsch explained her position as follows:

> Plaintiff's position is that the parties have been in settlement negotiations that have broken down. In response to the settlement proposal forwarded by Defendant, Plaintiff responded with additional terms which she believes are material to her settlement of this matter. These terms included changes relating to the tax implications of the settlement, language relating to non-disparagement of Plaintiff and confidentiality of the lawsuit and settlement. Plaintiff believes that these are material terms to the settlement negotiations.

Doc. 42 at 5. The next day, Bradley Dental filed this motion to enforce what it believes to be the parties' binding oral settlement agreement of August 17, 2010.

Settlement agreements, including oral agreements, are contracts, and where, as here, a federal employment discrimination plaintiff does not contend that her acceptance was unknowing or involuntary, enforcement is governed by state contract law. *See Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008); *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). As with any contract, there must be an offer to settle, an acceptance, and a meeting of the minds, *Kim v. Alvey, Inc.*, 749 N.E.2d 368, 378 (Ill. App. 2001), and a contract is formed only if its "essential terms" are "definite and certain." *Quinlan v. Stouffe*, 823 N.E.2d 597, 603 (Ill. App. 2005). Where the essential or material terms are agreed upon, an oral agreement is enforceable even if non-material or nonessential terms are missing or reserved for later discussion. *See Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 374 (7th Cir. 1992) (Illinois law); *Pritchett v. Asbestos Claims Mgmt. Corp.*, 773 N.E.2d 1277, 1282 (Ill. App. 2002) ("Every feasible contingency that might arise in the future need not be provided for in a contract for the agreement to be enforceable … . Ambiguity will prevent the enforcement of a contract only where the ambiguity affects the material terms of the contract."). A party's "intransigence or 'refusal to budge' on [certain] terms" does not make them material. *Dillard*, 483 F.3d at 508. Because public policy favors settlement, "settlements once made should be final." *Johnson v. Hermanson*, 582 N.E.2d 265, 267 (Ill. App. 1991).

Tujetsch contends that there was no meeting of the minds because the parties did not reconcile their "substantive differences" about whether Bradley Dental should be prohibited from issuing an IRS Form 1099, even if required by law, and barred from providing testimony or information about Tujetsch, even if compelled by subpoena or court order. Those differences, Tujetsch maintains, are material, meaning that there was no meeting of the minds and thus no


enforceable agreement. Bradley Dental views those differences as non-material, and thus incapable of frustrating the oral settlement agreement.

Bradley Dental is correct about the IRS Form 1099. Whether a settlement payment is taxable, and whether an IRS Form 1099 must be issued, is not subject to the parties' discretion, and thus is not material. *See Mia v. Potter*, 282 Fed. Appx. 478, 479 (7th Cir. 2008) (enforcing oral settlement agreement where the plaintiff "complain[ed] that the written [settlement] contract specifies that the Postal Service will issue an IRS Form 1099 for its payment to her and that she never agreed that her settlement payment would be taxable"); *Wise v. Riley*, 106 F. Supp. 2d 35, 40 (D.D.C. 2000) ("[Defendant] cannot change the tax laws for [plaintiff]."). If Tujetsch wishes to dispute the settlement payment's tax implications, "she must do so with the IRS," not with Bradley Dental. *Mia*, 282 Fed. Appx. at 479.

Bradley Dental also is correct about Tujetsch's proposed no-testimony and non-disclosure terms. Non-disparagement and confidentiality clauses may be material to a settlement agreement. S*ee Dillard*, 483 F.3d at 508-09; *Brenner v. Greenberg*, 2010 WL 4719694, at *7-8 (N.D. Ill. Nov. 15, 2010). But Tujetsch's proposed terms would prohibit Bradley Dental from complying with lawful court orders and subpoenas, and would penalize Bradley Dental (by voiding the settlement) for not breaking the law. *See Anderson v. Vill. of Oswego*, 109 F. Supp. 2d 930, 934 (N.D. Ill. 2000) ("it is mandatory to respond to a lawful subpoena, and it is a Class 3 felony to make a false statement under oath") (citing Ill. Sup. Ct. R. 237(a) and 720 ILCS 5/32-2). Proposed terms requiring a party to act unlawfully or prohibiting it from complying with lawful court orders or subpoenas are decidedly not material. *See Dillard*, 483 F.3d at 508 ("Starcon's proposal to prohibit Dillard from participating in investigations against Starcon likely would run afoul of public policy," and parties' dispute over that proposal thus was "not a

dispute over a material term that would defeat the underlying oral agreement") (citing 15 Corbin on Contracts, Ch. 83, § 83.3 (2003)); *Wise*, 106 F. Supp. 2d at 40 (asking a party to "perform the impossible"—actions that are "neither feasible nor lawful"—will not "avoid the enforcement of [a settlement agreement's] material terms").

In sum, the settlement proposed by Bradley Dental and orally accepted by Tujetsch's counsel on her behalf included all material terms and thus is binding. *See Todd v. Kohl's Dep't Store*, 2010 WL 3720265, at *4 (N.D. Ill. Sept. 15, 2010); *In re Marriage of Clarke*, 550 N.E.2d 1220, 1222 (Ill. App. 1990). Accordingly, Bradley Dental's motion to enforce the parties' settlement agreement is granted. Bradley Dental shall issue Tujetsch a check for $7,500, and send the check to Tujetsch's counsel, on or before December 22, 2010. At Tujetsch's election, both parties shall execute Bradley Dental's October 1, 2010, draft settlement agreement, which provides Tujetsch with protections regarding any subpoenas Bradley Dental might receive to testify about Tujetsch in other proceedings. *See Locasto v. Locasto*, 518 F. Supp. 2d 1025, 1030-31 (N.D. Ill. 2007). Regardless of whether Tujetsch agrees to Bradley Dental's draft, this case is dismissed with prejudice pursuant to the parties' settlement.

December 8, 2010

_____
United States District Judge